UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:04CR28(JBA) |
|---|---|---|
| v. | : | |
| VINCENT FIORE | : | Date: June 14, 2005 |

**DEFENDANT'S SENTENCING MEMORANDUM**

On April 4, 2005, the defendant Vincent Fiore plead guilty to Count Forty-Six of the Second Superseding Indictment, which charged him with attempting to extort "protection" payments from a Fairfield County businessman in violation of 18 U.S.C. §§ 1951 and 2.

The Presentence Report (PSR) grades the defendants criminal history category at I, based on a scoring of zero. See PSR at ¶¶ 29. The Government does not object to this calculation. The parties also agree that the defendant's adjusted offense level, once three points for acceptance of responsibility are factored, is 18. Accordingly, the PSR calculates the defendant's sentencing range at 27 to 33 months imprisonment, see PSR at ¶ 65, and a fine range of $6,000 to $60,000. See PSR at ¶ 71.

For the reasons that follow, the Defense recommends that the Court impose a sentence at the low end of the uncontested sentencing range, namely 24 months imprisonment and, based on the financial affidavit submitted, consider not imposing a fine.

**PART A: The Offense**

The evidence developed by the FBI reveals that the defendant attempted to extort a social club owner of thousands of dollars. See PSR at ¶ 10. It is important to note that although a fight ensued both Mr. Fiore as well as the other group were actively involved in this fight. In fact, based on all of the discovery received to date it is apparent that Mr. Fiore was also struck numerous times was chased

from the club and had the window of he vehicle smashed by the crowd. Although this not submitted as a justification for his actions, which clearly precipitated the dispute, it is submitted to show that the owner was not the "bullied" or intimidated.

## PART B: DEFENDANT'S CRIMINAL HISTORY

The defendant's only contact with the law occurred over 15 years ago thereby resulting in zero criminal history points. It is important to note that Mr. Fiore successfully completed five years of probation evidencing his willingness to follow directions from the Court

## PART C: OFFENDER CHARACTERISTICS

It is clear from this section that Mr. Fiore was reared in a close knit supportive family. See PSR at ¶ 33-34. It is equally clear that his upbringing has carried this respect for family into his own child rearing. Despite the fact that he split from his first wife at an early age he has maintained a loving and supportive relationship with his daughter, Danielle (18).

Mr. Fiore is currently married to Desiree Fiore who has been supportive throughout this difficult process. By all accounts it was a horrible tragedy, the death of there oldest child, Carmine (20 months) that has had the greatest impact on their relationship. Although such a tragedy may have shaken the very roots of many relationships the Fiore's has grown closer and more determined to love each other and there young children.

### Educational/Vocational Skills

Mr. Fiore has a bachelor's degree in Business administration and finance from Mercy College, in Dobbs Ferry, New York. He has used his educational experience to own and operate several businesses in his life.

### Work History

Mr. Fiore has shown the ability throughout his entire adult life to maintain gainful and lawful employment. <u>See</u> PSR <u>at</u> ¶ 59-61. His area of speciality is the construction trade where he has worked for both the union as well as himself.

### Financial condition: Ability to pay

Based on the sworn financial affidavit submitted and the recommendation of probation the defense submits that no fine should be imposed. Further, as of this date no settlement is forthcoming based on his wife's involvement with Venice Land development, In fact litigation has recently begun.

### Conclusion

As indicated by the probation department Mr. Fiore "realizes the seriousness of his current situation" and " appears to be willing to accept the consequences of his actions" <u>See</u> PSI at 77. Mr. Fiore is a loving and supportive father to his three children, as well as being a good husband. He has shown a willingness to seek and maintain lawful employment. Based on all of the foregoing the defense respectfully submits that a sentence of 27 months would serve all of the legitimate purposes of sentencing. It would provide significant punishment for his actions, it would ensure the safety and welfare of the community and would foster the confidence of the public in the criminal justice system

Finally, the defense would ask this Court to make a judicial recommendation for designation to FCI Allenwood or in the alternative the northeast region. The designation request is based primarily on the fact that Mrs. Fiore has two young children that make long distance travel difficult. Such a designation would allow this family to remain as close knit as possible given the current situation.

Respectfully submitted,

Thomas J. Lee, Esq.

## CERTIFICATION OF SERVICE

This is to certify that the within and foregoing has been mailed, via first-class mail, this 14th day of June, 2005, to:

Michael J. Gustafson
Assistant United States Attorney
157 Church Street
New Haven, Connecticut 06510