UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:04CR28(JBA) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| VINCENT FIORE | : | Date: June 20, 2005 |

### UNITED STATES' SENTENCING MEMORANDUM

On April 4, 2005, the defendant Vincent Fiore pleaded guilty to Count Forty-Six of the Second Superseding Indictment, which charged him with attempting to extort "protection" payments from a Fairfield County businessman in violation of 18 U.S.C. §§ 1951 and 2.  The parties agree with the Probation Officer's calculation that the defendant's Guidelines sentencing range is 27 to 33 months' imprisonment and a fine between $6,000 and $60,000.  See PSR at ¶¶ 65 & 71.

The Government leaves the court to its discretion as to where within the uncontested range of 27 to 33 months it should impose sentence.[1]

On August 5, 2003, the defendant and another person (never identified by law enforcement officials) entered a Fairfield County social club and demanded that the owner satisfy a $30,000

---

[1]    In his Sentencing Memorandum, the defendant recommends that the court impose a sentence at the low end of the range, namely 27 months.  It appears that the memorandum contains a typographical error on page 1, however, where it states that the low end of the range is 24 months.  Elsewhere in the memorandum the low end of the range is properly identified as 27 months.

-2-

debt incurred by the club's prior owner.  When the owner refused to pay, the defendant assaulted him.  During the ensuing fracas, the club owner's elderly father was injured and taken to a local hospital.[2]  See PSR at ¶ 10.

Because the defendant and his unidentified companion were outnumbered, they retreated from the area.  A few days later, Victor Riccitelli told a cooperating witness that "his" guys -- Fiore and the unidentified companion -- had beat up the owner of the club.  See PSR at ¶ 12.  Earlier, in July 2003, Riccitelli had bragged to the cooperating witness that he had become a made member of the Gambino Crime Family and that Fiore would be on his "crew".  See PSR at ¶ 8.

In essence, the defendant walked into a businessman's establishment and demanded payments on behalf of others.  When the victim had the audacity to resist, the defendant resorted to violence.

A sentence within the controlling range is reasonable and appropriate.  The government does not object to the defendant's request for designation to FCI Allenwood or, alternatively, to an

---

[2]  While insurance has covered some of the father's medical expenses, there remains an outstanding balance of $304.25, for which the defendant should make restitution.

-3-

institution in the northeast.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY
157 Church Street
New Haven, Connecticut 06510
Tel. (203) 821-3748
Federal Bar No. CT 01503

---

**CERTIFICATION OF SERVICE**

This is to certify that the within and foregoing has been mailed, via first-class mail, this _____ day of June, 2005, to:


Thomas J. Lee, Esq.                     Dennis G. Linder
991 Morris Park Avenue                  United States Probation
Bronx, New York 10462                   Officer
                                        United States District Court,
                                        Rm. 211
                                        Bridgeport, CT 06604


_____
MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY